Argued and submitted February 10, 2015, affirmed February 10, petition for review denied June 16, 2016 (359 Or 777)

## DOUGLAS OMAR SPROULE,
*Petitioner-Appellant,*

*v.*

## Rick COURSEY,
Superintendent,
Eastern Oregon Correctional Institution,
*Defendant-Respondent.*

Umatilla County Circuit Court
CV091183; A151768

367 P3d 946

Ryan O'Connor argued the cause and filed the opening brief for appellant. Douglas O. Sproule filed the supplemental brief *pro se*.

Patrick M. Ebbett, Assistant Attorney General, argued the cause for respondent. With him on the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Before Sercombe, Presiding Judge, and Hadlock, Chief Judge, and Tookey, Judge.

SERCOMBE, P. J.

**SERCOMBE, P. J.**

Petitioner appeals a judgment denying his petition for post-conviction relief. We write only to address petitioner's second assignment of error, in which he contends that relief should have been granted because his criminal trial counsel was inadequate for failing to object to the use of a leg brace to restrain petitioner during the trial, and reject the remaining assignments of error without discussion. On review for errors of law, *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015), we conclude that petitioner was not prejudiced by any inadequacy in counsel's failure to object to the use of the leg brace and, accordingly, affirm.

In reviewing a judgment on a petition for post-conviction relief, we are bound by the post-conviction court's findings of fact if they are supported by evidence in the record. *Krieg v. Belleque*, 221 Or App 36, 39, 188 P3d 413, *rev den*, 345 Or 317 (2008). To the extent that the post-conviction court did not make express findings, we nevertheless assume that it found the facts in "a manner consistent with its ultimate conclusion of law." *Id.* at 39-40.

A grand jury indicted petitioner with 109 counts of rape, sexual abuse, and assault of his stepdaughter and two other sex crimes. During a pretrial hearing, his counsel requested that petitioner not be brought to the court in "shackles," and asserted that, instead, a leg brace should be used because it would not be "readily apparent" to the jury. After trial counsel's request, the trial court questioned the sheriff's deputies present in the courtroom on the availability of a "shock belt" that could be worn under petitioner's clothing, explaining that petitioner would "need to be unshackled in front of the jury." The court also stated that, "[i]f there are security concerns, and I don't know if there are, those need to be raised by the sheriff or the deputies." There was no further discussion on the record of the need for the brace or whether petitioner created any security concerns, and, during the trial, petitioner was restrained by a leg brace, worn under his pants. Petitioner was subsequently convicted of 29 counts of rape, sexual abuse, and encouraging child sexual abuse and was sentenced to 425 months' imprisonment. Those convictions were affirmed on appeal,

and the Supreme Court denied review. *State v. Sproule*, 219 Or App 546, 183 P3d 246, *rev den*, 345 Or 318 (2008).

Petitioner timely filed a petition for post-conviction relief, claiming a substantial denial of his state and federal constitutional rights to adequate and effective assistance of counsel.[1] He asserted that his trial counsel was inadequate because she failed to object to the use of the leg-brace restraint during the trial and the jury was aware that he was restrained and that he suffered prejudice as a result. The post-conviction court found that the leg brace was "not visible to the jury" and concluded that trial counsel had not been inadequate for failing to object. Furthermore, the court concluded that, even if trial counsel performed inadequately, petitioner suffered no resulting prejudice.

The legal standards for determining inadequate assistance of counsel claims in post-conviction relief proceedings are well established. Criminal defendants are guaranteed adequate assistance of trial counsel by Article I, section 11, of the Oregon Constitution and the Sixth and Fourteenth Amendments to the United States Constitution. *Krummacher v. Gierloff*, 290 Or 867, 871-72, 627 P2d 458 (1981); *Strickland v. Washington*, 466 US 668, 685-86, 104 S Ct 2052, 80 L Ed 2d 674 (1984) (the Sixth Amendment guarantees "effective assistance of counsel"). Evaluation of an inadequate assistance of counsel claim under Article I, section 11, requires a two-step inquiry:

> "'First, we must determine whether petitioner demonstrated by a preponderance of the evidence that [his lawyer] failed to exercise reasonable professional skill and judgment. Second, if we conclude that petitioner met that burden, we further must determine whether he proved that counsel's failure had a tendency to affect the result of his trial.'"

---

[1] ORS 138.530(1)(a) provides:

"Post-conviction relief pursuant to ORS 138.510 to 138.680 shall be granted by the court when one or more of the following grounds is established by the petitioner:

"(a) A substantial denial in the proceedings resulting in petitioner's conviction, or in the appellate review thereof, of petitioner's rights under the Constitution of the United States, or under the Constitution of the State of Oregon, or both, and which denial rendered the conviction void."

*Montez v. Czerniak,* 355 Or 1, 7, 322 P3d 487, *adh'd to as modified on recons,* 355 Or 598, 330 P3d 595 (2014) (quoting *Lichau v. Baldwin,* 333 Or 350, 359, 39 P3d 851 (2002) (brackets in *Montez*)). Petitioner has the burden to prove both inadequacy and prejudice by a preponderance of the evidence. *Trujillo v. Maass,* 312 Or 431, 435, 822 P2d 703 (1991); ORS 138.620(2) ("The burden of proof of facts alleged in the petition [for post-conviction relief] shall be upon the petitioner to establish such facts by a preponderance of the evidence.").

To prevail on a Sixth Amendment claim of "ineffective assistance of counsel," a petitioner must prove that counsel performed ineffectively under "prevailing professional norms" and that, "but for counsel's unprofessional errors," there is a "reasonable probability" that "the result of the proceeding would have been different." *Strickland,* 466 US at 688, 694. "[T]he standards for determining the adequacy of legal counsel under the state constitution are functionally equivalent to those for determining the effectiveness of counsel under the federal constitution." *Montez,* 355 Or at 6-7.

On appeal, petitioner contends that the post-conviction court erred in denying him relief. He argues that his trial counsel performed inadequately because she failed to object that the use of the leg brace during his trial was unlawful in the absence of a record supporting the need for the restraint. Petitioner also contends that any use of an unjustified restraint is presumptively prejudicial and that defendant failed to show the absence of any prejudice. Defendant responds that petitioner failed to prove ineffective assistance of counsel, and that, even if the restraint was improperly imposed, the post-conviction court properly concluded that petitioner suffered no prejudice as a result.

Criminal defendants have the right to appear in court free from unnecessary restraint. *State v. Kessler,* 57 Or App 469, 472, 645 P2d 1070 (1982). The right of an accused to be free from physical restraint during a criminal trial implicates the right to an impartial jury guaranteed by Article I, section 11, and the fair trial requirement in the Due Process Clause of the Fourteenth Amendment. *State v. Wall,* 252 Or

App 435, 437 & n 1, 287 P3d 1250 (2012), *rev den,* 353 Or 280 (2013). Requiring a defendant to appear in court while restrained "impinge[s] on the presumption of innocence and the dignity of the judicial proceedings and may inhibit consultation with his attorney and his decision whether to take the stand as a witness." *Kessler,* 57 Or App at 474.

A trial court has "discretion to order the shackling of a defendant if there is evidence of an immediate and serious risk of dangerous or disruptive behavior." *Wall,* 252 Or App at 439 (internal quotation marks omitted). To do so, the court must make an independent assessment of the security risk posed by the defendant and may not rely exclusively on the representations of the prosecutor or sheriff's deputies. *Id.* A determination that a defendant poses a security concern is necessary before a court requires a defendant to appear in court wearing a restraint, even if the restraint is not visible to the jury. *See State v. Washington,* 355 Or 612, 627-29, 330 P3d 596, *cert den,* ___ US ___, 135 S Ct 685 (2014) (considering whether the record demonstrated that the defendant posed a security concern where the defendant was required to wear a "stun belt" under his clothing); *Wall,* 252 Or App at 442 (considering a leg brace and concluding that, "for purposes of the threshold showing that is required before restraints may be lawfully imposed, the distinction between visible and nonvisible restraints is * * * one without a difference").

Relying on *Cunningham v. Thompson,* 186 Or App 221, 62 P3d 823, *adh'd to as modified on recons,* 188 Or App 289, 71 P3d 110 (2003), *rev den,* 337 Or 327 (2004), petitioner contends that he established a *prima facie* case for inadequate assistance of counsel by adducing evidence that he was restrained during the trial, trial counsel did not object to the restraint, and the criminal trial record does not demonstrate that petitioner posed a security risk. In *Cunningham,* the court concluded that

"[a] post-conviction petitioner establishes a *prima facie case* of inadequate assistance of criminal trial counsel by showing that the petitioner was shackled in the presence of the jury during his or her criminal trial and that no record was made in the trial court to support the decision to shackle. *Guinn v. Cupp,* 304 Or 488, 498, 747 P2d 984 (1987)."

186 Or App at 244; *see also Davis v. Armenakis*, 151 Or App 66, 72, 948 P2d 327 (1997) (quoting the "Supreme Court's clear directive" in *Guinn* that "a post-conviction petitioner can establish a *prima facie* case 'simply by showing that he was shackled during the trial and that no record was made in the trial court to support the decision to shackle.'").

Defendant responds that the presumed inadequate assistance established by the formula set out in *Davis* and *Cunningham* is insufficient to discharge the burden of proof allocated to a post-conviction relief petitioner under ORS 138.620(2) to "establish [the facts alleged in the petition] by a preponderance of the evidence." *See also* ORS 138.530(1) (requiring that grounds for post-conviction relief be "established" by a petitioner). According to defendant, in order to prove ineffective assistance of counsel, a petitioner must show not only shackling and a lack of justification for that shackling in the record under *Davis* and *Cunningham*, but also must prove that the restraint actually was unjustifiably applied. Defendant asks that we overrule *Davis* and *Cunningham* to whatever extent they undercut that allocated burden of proof.

We decline that invitation. Even assuming that there was inadequate assistance of trial counsel in failing to object to the use of a leg brace to restrain petitioner, we conclude that petitioner is not entitled to relief because he did not prove that the use of the leg brace had a tendency to affect the outcome of the criminal trial. Relying on *Davis*, petitioner argues that he has met his burden to prove the prejudice component of his inadequate assistance of counsel claim because the prejudice caused by the improper use of such a restraint is "'manifest and need not be proven in an individual case.'" *Davis*, 151 Or App at 70-72 (quoting *Kessler*, 57 Or App at 475). According to petitioner, when trial counsel fails to object to the improper imposition of shackles and, as a result, "a defendant is shackled in the courtroom, there is a presumption that the shackles are seen by the jury and prejudice results." *Id.* at 71 (citing *Kessler*, 57 Or App at 474). Defendant responds that the use of the leg brace was harmless for two reasons: First, the leg brace was not visible to the jury and therefore would have had no

prejudicial effect, and, second, the evidence of petitioner's guilt was overwhelming.

There are three types of prejudice that can potentially result from the erroneous restraint of a criminal defendant during a trial:

"(1) impingement on the presumption of innocence and the dignity of judicial proceedings; (2) inhibition of the accused's decision whether to take the stand as a witness; and (3) inhibition of the accused's consultation with his or her attorney."

*State v. Bates*, 203 Or App 245, 251, 125 P3d 42 (2005), *rev den*, 340 Or 483 (2006) (internal quotation marks omitted). Petitioner presented no evidence on two of those prejudicial effects. He failed to show prejudice by presenting evidence that the brace either inhibited his decision to take the stand as a witness or that the brace limited his ability to consult with counsel. Instead, petitioner asserts that he need not present evidence that the improper use of the brace caused him prejudice, because that prejudice is "manifest" and the brace presumptively impinged on the presumption of innocence and the dignity of the proceedings.

Petitioner is incorrect in arguing that he can meet his burden to prove prejudice by showing no more than the improper use of a leg brace. *Davis* did not establish that prejudice should be presumed where a criminal defendant is erroneously brought into court wearing a leg brace that was not visible to the jury. Rather, *Davis* dealt with shackles that could not be effectively concealed from the jury. 151 Or App at 71. Under those circumstances, we rejected the contention that post-conviction petitioners are obligated to prove the jury saw the shackles in order to demonstrate prejudice, because it is

"'difficult to accept the proposition that [a criminal] defendant could sit through a jury trial and constantly maintain a posture such that the jury would not see the leg irons. It is not a question whether the jury will be constantly exposed to the vision of a shackled defendant, but whether they see the shackles at all.'"

*Id.* (quoting *Kessler*, 57 Or App at 474). Thus, where the record shows that a criminal defendant was restrained in a

manner that could not be effectively shielded from the jury's view, "there is a presumption that the shackles are seen by the jury and prejudice results."[2] *Id.*

In contrast, if a defendant is restrained in a manner that is not visible to the jury, prejudice will not be presumed. For example, in *State v. Bowen*, 340 Or 487, 495, 135 P3d 272 (2006), *cert den*, 549 US 1214 (2007), the Supreme Court considered a plain-error challenge to the use of a stun belt during the defendant's aggravated murder trial. The court concluded that the defendant could not show prejudice merely by demonstrating that the record showed that he was compelled to wear the stun belt under his clothing, and therefore rejected the defendant's assertion that "requiring a person to wear a stun belt is no different than requiring a person to wear shackles." *Id.* at 496. The court then determined that the defendant had failed to show plain error because there was "no evidence in the record that the stun belt that [the] defendant wore at trial was visible to the jury, and, therefore, [the] defendant cannot claim that the jury was biased by its presence." *Id.*

Similarly, in *Bates*, 203 Or App at 254, we concluded that any error in compelling the defendant to wear a stun belt was harmless. Because the jury was not aware that the defendant was wearing the stun belt, the use of the stun belt was not likely to prejudice the defendant by "impinging on the presumption of innocence and the dignity of the judicial proceedings." *Id.* at 251. We explained that such prejudice

> "typically results when the jury is aware of the restraints. Here, the parties agree that the jury was unaware of the stun belt. Furthermore, the dignity of the judicial proceedings was not affected by the stun belt because it was never activated. To the extent that one could argue that the mere fact that a defendant is forced to wear a stun belt impinges on the dignity and decorum of a judicial proceeding, such an

---

[2] Petitioner also argues that *Wall*, 252 Or App 435, establishes the principle that the "manifest prejudice" standard applies to nonvisible restraints. However, in *Wall*, we held only that a court must undertake the same inquiry as to whether a criminal defendant creates a security concern before imposing nonvisible restraints that it does when imposing visible restraints. *Id.* at 442. We stated that we were not considering "whether [the] defendant was prejudiced by the court's ruling" requiring her to wear a leg brace. *Id.* at 443.

argument would not be relevant to a harmless error analysis because that sort of effect on the dignity of the judicial proceeding would not have influenced the jury's verdict if the jury were unaware of the belt. Thus, we conclude that there is little likelihood that the stun belt affected the verdict by impinging on the presumption of innocence or the dignity of the proceeding because the jury was unaware of the presence of the stun belt."

*Id.*

In this case, the post-conviction court found that the brace "was not visible to the jury." Because it is necessary to the post-conviction court's legal conclusion that petitioner was not prejudiced by any inadequacy by trial counsel, that finding necessarily implies that the jury was not aware that petitioner was wearing the brace in the courtroom. *See Krieg*, 221 Or App at 39-40 (to the extent the post-conviction court did not make factual findings, it is assumed that the court made findings consistent with its legal conclusions). Petitioner testified that he wore the leg brace under his pants and submitted no evidence from any jurors or court personnel to support the assertion that the jury knew he was wearing a restraint in the courtroom. Accordingly, the post-conviction court was entitled to find that the jury was unaware that petitioner was restrained in the courtroom.

Thus, given that the record supports the post-conviction relief court's implicit finding that the jury was not aware that petitioner was restrained, we will not presume that the restraint improperly impinged on the presumption of innocence or the dignity of the proceedings, and thereby prejudiced petitioner. Accordingly, petitioner failed to prove, by a preponderance of the evidence, that trial counsel's failure to object to the use of the leg brace without an adequate showing that petitioner posed a security risk had "a tendency to affect the result" of his trial. *Horn v. Hill*, 180 Or App 139, 146, 41 P3d 1127 (2002) (internal quotation marks and emphasis omitted). The post-conviction court correctly concluded that petitioner failed to meet his burden to demonstrate prejudice.

Affirmed.