Argued and submitted August 1, 2019; reversed and remanded as to second claim for relief for entry of judgment including the findings required by ORS 138.640(1), otherwise affirmed August 5, 2020

LUKAS FANAGYON,
*Petitioner-Appellant,*

*v.*

STATE OF OREGON,
*Defendant-Respondent.*

Clackamas County Circuit Court
17CV20626; A166620

471 P3d 153

Petitioner pleaded guilty to fourth-degree assault and strangulation. Prior to initiating that plea, petitioner told his counsel that he was a United States citizen, even though he is not. Even so, counsel advised petitioner that there could be immigration consequences of his guilty plea. Petitioner violated the terms of his probation and, thereafter, Immigration and Customs Enforcement initiated deportation proceedings against him. He petitioned for post-conviction relief, contending that his counsel deficiently advised him regarding the immigration consequences of his plea and of violating the terms of his probation, in violation of his right to the adequate assistance of counsel under the state and federal constitutions. The post-conviction court denied relief, concluding that petitioner's lawyer exercised reasonable professional skill and judgment in advising petitioner in connection with his guilty plea, but not addressing petitioner's claim with respect to the probation violation proceedings. Petitioner appeals, arguing that (1) his counsel's performance was deficient because counsel did not advise him that his plea would result in mandatory deportation and (2) the post-conviction court's failure to address his second claim renders the judgment noncompliant with ORS 138.640(1). *Held*: The post-conviction court erred in failing to make a separate ruling on each claim as required by ORS 138.640(1). As for petitioner's claim regarding counsel's performance in the plea process, in view of petitioner's confirmation that he was a United States citizen, counsel's advice to petitioner about the immigration consequences of his conviction was not deficient.

Reversed and remanded as to second claim for relief for entry of judgment including the findings required by ORS 138.640(1); otherwise affirmed.

Katherine E. Weber, Judge.

Lindsey Burrows and Bruce A. Myers, Certified Law Student, argued the cause for appellant. On the briefs were Lindsey Burrows and O'Connor Weber LLC.

Ryan Kahn, Assistant Attorney General, argued the cause for respondent. On the brief were Ellen F. Rosenblum,

Attorney General, Benjamin Gutman, Solicitor General, and Robert M. Wilsey, Assistant Attorney General.

Before Lagesen, Presiding Judge, and DeVore, Judge, and Powers, Judge.

LAGESEN, P. J.

Reversed and remanded as to second claim for relief for entry of judgment including the findings required by ORS 138.640(1); otherwise affirmed.

## LAGESEN, P. J.

Petitioner appeals a judgment denying his petition for post-conviction relief, which raised two claims for relief: the first concerning legal representation he received with regard to his convictions for fourth-degree assault constituting domestic violence and strangulation, and the second concerning representation he received with regard to his subsequent probation revocation. We affirm the judgment insofar as it denies relief on petitioner's first claim, but reverse and remand for further proceedings as to the second claim.

We review a post-conviction court's grant or denial of relief for legal error, accepting the court's explicit factual findings and its necessarily implicit factual findings if there is evidence to support them. *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015). We state the facts in accordance with that standard, supplementing with additional, consistent details from the record as necessary for context.

Following an attack on his wife, petitioner was charged with, among other things, one count of fourth-degree assault constituting domestic violence and one count of strangulation. The court appointed counsel to represent him. At petitioner's pretrial release hearing, the prosecutor told the court that the victim opposed release because she thought that petitioner would flee the country if released because "he has lots of family in the Yap Islands and apparently is a citizen of—of that." The court granted release but ordered defendant to surrender his passport.

A little more than six weeks later, petitioner pleaded guilty to the charges of fourth-degree assault constituting domestic violence and strangulation. Although petitioner is not a citizen of the United States, when counsel asked him about his citizenship, petitioner said that he was a United States citizen. Even so, counsel, as is his practice, advised petitioner about the potential immigration consequences of convictions on the charges against him.[1] Counsel told

---

[1] The post-conviction court found as fact that "counsel did advise Petitioner that deportation is presumptively mandatory as a result of a guilty plea to these charges." Petitioner acknowledges that that advice, if given, would satisfy the constitutional standard, but asserts that the post-conviction court's factual finding that that was the advice given is not supported by the record, a point that

petitioner that he faced "immigration consequences (deportation) if convicted of the subject charges after a trial" and that "a plea to a criminal charge can have immigration consequences." The section of petitioner's signed plea petition addressing "Age, Education, Citizenship" represents that petitioner is 34, has a twelfth-grade education, and is a United States citizen. It certifies further that "I understand that if I am not a citizen of the United States, a criminal conviction could cause me to be deported, denied United States citizenship, or refused the right to re-enter the United States." At the plea hearing, counsel informed the court that petitioner is from Micronesia and, at that time, had been in the United States for 21 years and was permitted to be here. The trial court sentenced defendant to probation on both counts of conviction.

Petitioner later violated the terms of his probation by contacting the victim. His previous lawyer was reappointed to represent him at the probation revocation proceeding. The trial court found him in violation and revoked his probation on the assault conviction and ordered him to serve a year in jail but extended and continued his probation on the strangulation conviction.

Soon thereafter, Immigration and Customs Enforcement initiated deportation proceedings against petitioner, and petitioner initiated this post-conviction proceeding. He contends that the lawyer who represented him in the criminal proceedings deficiently advised him regarding the immigration consequences of his plea and about the immigration consequences of being found in violation of the terms of his probation, in violation of his right to the adequate assistance of counsel under Article I, section 11, of the Oregon Constitution and his right to the effective assistance of counsel under the Sixth Amendment to the United States Constitution. The post-conviction court denied relief, explaining its decision in a letter opinion that the subsequent judgment incorporated. The court concluded that petitioner's lawyer exercised reasonable professional skill and judgment in advising petitioner in connection with his

the state does not contest. We agree that that particular factual finding is not supported by the record.

guilty plea, denying relief on petitioner's claim with respect to the plea for that reason, without addressing whether petitioner was prejudiced by any deficiency in counsel's performance. Neither the court's letter opinion nor its judgment addressed petitioner's claim with respect to the probation violation proceedings. Petitioner appealed.

On appeal, petitioner contends that the post-conviction court erred in denying relief on his claim challenging counsel's performance in the plea process. He contends that counsel did not advise petitioner, as required under *Padilla v. Kentucky*, 559 US 356, 130 S Ct 1473, 176 L Ed 2d 284 (2010), that his plea would result in mandatory deportation, and that, for that reason, counsel's performance was deficient under both the state and federal constitutions, and the post-conviction court erred in determining otherwise. Petitioner argues that, in view of the prosecutor's statement at the pretrial release hearing about petitioner's apparent citizenship in the Yap Islands, counsel was obligated to supply the advice required by *Padilla*, notwithstanding whatever petitioner may have told counsel in response to his question about petitioner's citizenship. As for petitioner's second claim for relief, addressing counsel's performance in the probation-revocation proceedings, petitioner contends that the post-conviction court's failure to address that ground for relief in its written judgment renders the judgment noncompliant with ORS 138.640(1), as interpreted in *Datt v. Hill*, 347 Or 672, 685, 227 P3d 714 (2010).

The state responds that, in view of petitioner's response to counsel's question about citizenship and petitioner's representation on the plea petition that he was a citizen, counsel did not perform inadequately in advising petitioner. As for the judgment's treatment of petitioner's claim about counsel's performance in the probation revocation proceedings, the state concedes that the judgment does not comply with ORS 138.640 and that we must reverse and remand for entry of a judgment that satisfies the requirements of ORS 138.640 under *Datt*.

Starting with the conceded error, the parties are correct that the judgment does not comply with ORS 138.640(1)

as interpreted by *Datt*. In *Datt*, the Supreme Court held that, under ORS 138.640(1),

> "a judgment denying claims for post-conviction relief must, at a minimum: (1) identify the claims for relief that the court considered and make separate rulings on each claim; (2) declare, with regard to each claim, whether the denial is based on a petitioner's failure to utilize or follow available state procedures or a failure to establish the merits of the claim; and (3) make the legal bases for denial of relief apparent."

347 Or at 685. Here, the judgment makes no mention whatsoever of petitioner's second claim for relief and, for that reason, must be reversed and remanded for the post-conviction court to address that claim in a form that satisfies the three requirements identified above.

As for petitioner's claim regarding counsel's performance in the plea process, we agree with the state that, in view of the post-conviction court's supported factual finding that counsel asked petitioner about his citizenship status and petitioner confirmed that he was a United States citizen, counsel's advice to petitioner about the immigration consequences of his conviction was not deficient and that the post-conviction court's denial of relief must therefore be affirmed.

To show that trial counsel performed deficiently for purposes of Article I, section 11, petitioner was required to show that trial counsel "failed to exercise reasonable professional skill and judgment" when counsel did not supply petitioner with the advice required by *Padilla*. *Johnson v. Premo*, 361 Or 688, 699, 399 P3d 431 (2017). To show that trial counsel performed deficiently for purposes of the Sixth Amendment, petitioner was required to make a comparable showing: that trial counsel's performance "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 US 668, 687-88, 104 S Ct 2052, 80 L Ed 2d 674 (1984). In either instance, we evaluate the reasonableness of counsel's exercise of skill and judgment under the circumstances that confronted counsel at the time, and not through the lens of hindsight. That is, whether counsel's decision "reflects an absence of reasonable professional skill

and judgment turns on the facts known to counsel at the time that [he] made that decision." *Cartrette v. Nooth*, 284 Or App 834, 841, 395 P3d 627 (2017).

Here, accepting as we must the post-conviction court's supported factual finding that counsel asked petitioner whether he was a United States citizen and petitioner told him that he was, counsel did not act unreasonably in advising petitioner that a plea "can have immigration consequences." At the time counsel gave that advice, the prosecutor had mentioned that the victim had said that petitioner "apparently" was a citizen of the Yap Islands, but, upon being questioned, petitioner had told counsel that he was a United States citizen. Nevertheless, counsel advised petitioner anyway that a plea could have immigration consequences—advice that gave petitioner an opportunity to be more forthcoming with counsel about his citizenship status or to, at least, inquire what those consequences were, if he were not in fact a citizen, neither of which petitioner did. Absent any indication from petitioner that he had misrepresented his citizenship status or might need additional advice about immigration consequences, under the circumstances that confronted counsel at the time, counsel's course of conduct falls within the range of reasonable professional responses to those circumstances. Although it does not represent the only reasonable professional way to approach the situation—having been told by a client that the client was a United States citizen, counsel reasonably could have opted to provide no advice about immigration consequences, or, alternatively, reasonably could have provided the advice required by *Padilla* as a precautionary measure in the event his client's representation was not accurate—it was a reasonable one.

Petitioner nonetheless argues that the prosecutor's representations at the pretrial release hearing obligated counsel to treat petitioner as if he was not a citizen and provide the advice required under *Padilla*. We disagree. Although, again, that would not have been an unreasonable thing to do, it was not the only reasonable course of action available to counsel, particularly given the tentative nature of the prosecutor's statement about petitioner's citizenship.

Under those circumstances, it was just as reasonable for counsel to ask petitioner directly about his citizenship and provide him the cautionary advice about potential immigration consequences, so as to afford petitioner the opportunity to rethink his representation about being a United States citizen or ask further questions about immigration consequences, and then to proceed as if petitioner correctly represented his citizenship status.

Reversed and remanded as to second claim for relief for entry of judgment including the findings required by ORS 138.640(1); otherwise affirmed.