Submitted January 26; reversed and remanded on paragraph H of petitioner's first claim for relief, as to counsel's failure to object to physical restraints, otherwise affirmed May 11; petition for review denied September 16, 2022
(370 Or 214)

SET WAI AUNG,
*Petitioner-Appellant,*

*v.*

Brad CAIN,
Superintendent,
Snake River Correctional Institution,
*Defendant-Respondent.*

Malheur County Circuit Court
14081095P; A172695

511 P3d 73

In this post-conviction proceeding, petitioner contends that relief should have been granted because his trial counsel was constitutionally inadequate for failing to object to the use of restraints during the underlying criminal trial and sentencing. The post-conviction court agreed that petitioner's trial counsel provided deficient performance by failing to object to the use of restraints but concluded that petitioner failed to prove prejudice. In response, the superintendent acknowledges that the post-conviction court did not make the predicate factual findings necessary to assess petitioner's claim. *Held*: The post-conviction court erred when it rejected petitioner's claim for failing to prove prejudice, because the court did not conduct the prejudice analysis described in *Sproule v. Coursey*, 276 Or App 417, 367 P3d 946, *rev den*, 359 Or 777 (2016).

Reversed and remanded on paragraph H of petitioner's first claim for relief, as to counsel's failure to object to physical restraints; otherwise affirmed.

Lung S. Hung, Judge.

Lindsey Burrows and O'Connor Weber LLC filed the brief for appellant. Set Wai Aung filed the supplemental brief *pro se*.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Patrick M. Ebbett, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Shorr, Judge, and Powers, Judge.

POWERS, J.

Reversed and remanded on paragraph H of petitioner's first claim for relief, as to counsel's failure to object to physical restraints; otherwise affirmed.

**POWERS, J.**

In this post-conviction proceeding, petitioner appeals from a judgment denying relief on all of his claims. We write to address petitioner's first assignment of error and the superintendent's related first cross-assignment of error, and we reject petitioner's remaining assignments of error without discussion.[1] In the first assignment of error, petitioner contends that relief should have been granted because his trial counsel was constitutionally inadequate for failing to object to petitioner having to wear restraints during the underlying criminal trial and sentencing. The superintendent acknowledges that the post-conviction court did not make the predicate factual findings necessary to assess petitioner's claim. Accordingly, for the reasons explained below, we reverse and remand for the post-conviction court to reconsider that claim and otherwise affirm.

We review a post-conviction court's grant or denial of relief for legal error and accept the court's explicit factual findings and its necessarily implicit factual findings if there is evidence to support them. *Fanagyon v. State of Oregon,* 305 Or App 671, 673, 471 P3d 153 (2020), *rev den*, 367 Or 559 (2021). We describe the facts that are relevant to this appeal in accordance with that standard.

A jury convicted petitioner of first-degree rape, two counts of first-degree sodomy, second-degree assault, and two counts of fourth-degree assault, arising out of conduct that occurred on a single night against the victim. At trial, petitioner acknowledged that he and the victim engaged in sexual contact, but he argued that it was consensual. Throughout the trial and sentencing, petitioner wore one or more restraints.[2] Petitioner's trial counsel did not object

---

[1] Our disposition on petitioner's second assignment of error obviates the need to address the superintendent's second cross-assignment of error.

[2] Petitioner's Formal Petition for Post-Conviction Relief alleged that he wore both a leg restraint and a stun belt. During the post-conviction proceedings, petitioner filed a motion to file a First Amended Formal Petition that, among other changes, withdrew the stun belt claim. The post-conviction court denied that motion. Although petitioner's declaration supporting his claims for relief does not mention the stun belt, a declaration by a defense investigator avers that petitioner wore a stun belt. The post-conviction court did not make any findings that resolved the issue. Ultimately, because we are remanding the case for further proceedings, the parties and the post-conviction court will have an opportunity

to the use of restraints, and the trial court did not hold a hearing on the necessity of any restraints. Eventually, a jury found petitioner guilty, and petitioner appealed. We affirmed petitioner's convictions without opinion, and the Oregon Supreme Court denied review. *State v. Aung*, 259 Or App 546, 316 P3d 434 (2013), *rev den*, 354 Or 814 (2014).

Petitioner timely filed a petition for post-conviction relief, claiming a substantial denial of his state and federal constitutional rights to adequate and effective assistance of counsel. He asserted, among other claims, that his trial counsel failed to object to the use of a leg-brace restraint and a stun belt during the underlying criminal trial proceedings.[3] He asserted that the "leg restraint was noticeable to the jury, caused [him] significant pain throughout the proceedings, impeded his ability to communicate with counsel, and impinged on his right to dignity and self-respect." In response, the superintendent submitted a declaration from petitioner's trial counsel in which he averred:

> "I don't recall any stun belt being used in this case. I don't recall there being any hearing on this stun belt issue. In my experience, a non-visible under clothing leg brace is used in trial with in-custody defendants in Washington County, and in-custody clients are shackled when being taken to and from court. I recall steps being taken in [petitioner's] case to avoid having the jury see any of the shackles or shackling of [petitioner]. I recall steps being taken to not have the jury see or learn that [petitioner] was wearing a leg brace. [Petitioner] never complained to me about experiencing pain from any leg brace he was wearing. I can't recall [petitioner] ever grimacing or making any facial gestures during trial that [he] indicated were attributable to a leg brace."

The post-conviction court denied relief. In its written findings of fact and conclusions of law, the court agreed that petitioner's trial counsel provided deficient performance by failing to object to the use of restraints but concluded that petitioner failed to prove prejudice. Specifically, the

---

to address what restraint or restraints petitioner wore during the underlying criminal trial and sentencing.

[3] Petitioner had two attorneys at separate points of the trial. For readability, we refer to both trial attorneys jointly as petitioner's "trial counsel."

court concluded that, because trial counsel "stated that an objection would not have been granted in Washington County" and petitioner failed to provide "any evidence" that the objection would have been granted, the post-conviction court could not "envision how it could find an objection that would be overruled would have had a tendency to affect the jury trial."

On appeal, petitioner asserts that the post-conviction court correctly determined that his trial counsel's failure to object to the use of restraints without a hearing was deficient performance, but that the post-conviction court erred in concluding that he was not prejudiced by the failure to object. Petitioner argues that the court applied the wrong legal standard in evaluating prejudice because the court failed to consider the evidence he submitted that the leg restraint was visible to the jury, caused him significant pain, impeded his ability to communicate with his counsel, and deterred him from testifying. According to petitioner, the post-conviction court was required to first "determine if the restraints were visible, and, if they were not, whether petitioner was nevertheless prejudiced[.]" Petitioner also asks us to reconsider and reverse our decision in *Sproule v. Coursey,* 276 Or App 417, 367 P3d 946, *rev den*, 359 Or 777 (2016), arguing that prejudice should be presumed—even when restraints are not visible to the jury—when trial counsel unreasonably fails to object to the use of restraints without the necessary record to support their use.

The superintendent agrees that the post-conviction court did not make the predicate findings necessary for a correct analysis of a claim of inadequate assistance of counsel for failing to object to the use of restraints. The superintendent asserts that we should remand for the post-conviction court to conduct the correct performance analysis and, if necessary, the correct prejudice analysis outlined in *Sproule*. In particular, the superintendent argues that the post-conviction court failed to determine whether the leg restraint was visible to the jury, whether petitioner complained to counsel about the restraints, or whether the restraints played a role in petitioner's decision not to testify. The superintendent further contends in a cross-assignment of error that the post-conviction court should reconsider

the performance prong of the analysis because the court "concluded—without first determining whether the brace was visible to the jury—that counsel was necessarily deficient for failing to object." Finally, the superintendent asserts that we should reject petitioner's invitation to reconsider our decision in *Sproule* because petitioner's argument is unpreserved.

We agree with the parties that the post-conviction court erred. The legal standards for assessing inadequate assistance of counsel claims in post-conviction relief proceedings under the state and federal constitutions are well established. A court must grant post-conviction relief when there has been a "substantial denial" of a state or federal constitutional right, which "rendered the conviction void." ORS 138.530(1)(a). To prevail on a claim of inadequate assistance of counsel under Article I, section 11, of the Oregon Constitution, "a petitioner must prove by a preponderance of the evidence that his, her, or their trial counsel failed to exercise reasonable professional skill and judgment and that, because of that failure, the petitioner suffered prejudice." *Dickerson v. Fhuere*, 316 Or App 62, 66, 501 P3d 1072 (2021). The standards for determining the adequacy of legal counsel under the state constitution "are functionally equivalent" to those for determining the effectiveness of counsel under the Sixth Amendment to the United States Constitution. *Montez v. Czerniak*, 355 Or 1, 6, 322 P3d 487, *adh'd to as modified on recons*, 355 Or 598, 330 P3d 595 (2014).

Petitioner contends that he was entitled to post-conviction relief because his trial counsel failed to object to the use of restraints. "Criminal defendants have the right to appear in court free from unnecessary restraint." *Sproule*, 276 Or App at 421. Although the trial court has "discretion to order the shackling of a defendant if there is evidence of an immediate and serious risk of dangerous or disruptive behavior," the court must first make an independent assessment of the security risk posed by the defendant, regardless of whether the restraints are visible to the jury. *State v. Wall*, 252 Or App 435, 439, 287 P3d 1250 (2012), *rev den*, 353 Or 280 (2013). Given that requirement, we have reasoned that, "[a]s a legal proposition, all counsel exercising

reasonable professional skill and judgment would have recognized that an objection would bring to the court's attention the obligation to determine that the defendant poses a security risk before requiring the defendant to wear restraints, even if the restraints are not visible [to] the jury." *Clark v. Nooth*, 284 Or App 762, 769, 395 P3d 32, *rev den*, 362 Or 38 (2017).

If a petitioner establishes that trial counsel provided deficient performance by failing to object to the use of restraints without a determination of their necessity, the next question is whether the petitioner established prejudice to justify post-conviction relief. As we explained in *Sproule*, there are three types of prejudice that can result from the erroneous restraint of a criminal defendant during a trial:

> "(1) impingement on the presumption of innocence and the dignity of judicial proceedings; (2) inhibition of the accused's decision whether to take the stand as a witness; and (3) inhibition of the accused's consultation with his or her attorney."

276 Or App at 424. In *Sproule*, the petitioner similarly asserted that his trial counsel was inadequate because she failed to object to the use of the leg-brace restraint during trial and that the jury was aware that the petitioner was restrained and suffered prejudice as a result. *Id.* at 419. The post-conviction court found, however, that the leg brace was not visible to the jury and concluded that the petitioner's trial counsel had not been inadequate for failing to object. *Id.* at 420. On appeal, we held that, "where the record shows that a criminal defendant was restrained in a manner that could not be effectively shielded from the jury's view," prejudice will be presumed. *Id.* at 424-25 (internal citations omitted). If, however, "a defendant is restrained in a manner that is not visible to the jury, prejudice will not be presumed." *Id.* at 425. Because the post-conviction court found that the jury was not aware of the petitioner's leg brace, and the petitioner presented no evidence that he suffered any other type of prejudice, we determined that the petitioner failed to prove that his trial counsel's failure to object to the leg brace had a tendency to affect the result of his trial. *Id.* at 426.

In this case, there is no dispute that petitioner was required to wear a leg restraint without the trial court holding a hearing to determine the need for the restraints. Contrary to the superintendent's assertion in the first cross-assignment of error, the post-conviction court correctly determined that petitioner's trial counsel provided deficient performance by failing to object to the use of the restraints because there was no factual basis to justify the use of restraints. *See Clark*, 284 Or App at 770 (noting that, "[g]iven [the] state of the law, all counsel exercising reasonable professional skill and judgment would have recognized that petitioner could not be required to wear the leg restraint without a factual basis to justify it"). We further conclude that the post-conviction court erred when it rejected petitioner's claim for failing to prove prejudice. Both petitioner and the superintendent agree that the post-conviction court did not conduct the prejudice analysis described in *Sproule*.[4]

Accordingly, we remand for the post-conviction court to reconsider petitioner's claim that he was denied constitutionally adequate and effective counsel for failing to object to the use of restraints. On remand, the post-conviction court should make a finding on whether or not the restraints were visible to the jury. If the restraints were visible to the jury, then, under *Sproule*, because there was no hearing to establish the necessity of the restraints, prejudice may be presumed, if petitioner submits evidence of prejudice. 276 Or App at 424-25; *see also Clark*, 284 Or App at 770 ("Although this court has held that there is a presumption of prejudice when the petitioner was restrained in his criminal trial in a manner that could not be effectively shielded from the jury's view, the petitioner must submit evidence of prejudice, as in any other post-conviction case[.]" (Internal quotation marks omitted.)). If the restraints were not visible to the jury, the post-conviction court should evaluate whether the evidence presented by petitioner carried his burden to prove prejudice under one or more of the types of prejudice described in *Sproule* and other cases. *See Clark*, 284 Or App at 772 (remanding for the post-conviction court

_____

[4] We reject petitioner's invitation to reconsider the conclusion in *Sproule* that, if a criminal defendant is restrained in a manner that is not visible to the jury, prejudice will not be presumed.

to reconsider petitioner's claim, because the court's finding that the jury was unaware of the restraint, was "not the only measure of prejudice").

Reversed and remanded on paragraph H of petitioner's first claim for relief, as to counsel's failure to object to physical restraints; otherwise affirmed.