No. 673 December 20, 2023 697

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

SHAWN KRISTOPHER YAMATE,
*Petitioner-Appellant.*

*v.*

Corey FHUERE,
Superintendent,
Oregon State Penitentiary,
*Defendant-Respondent.*

Marion County Circuit Court
19CV14203; A177921

Patricia A. Sullivan, Senior Judge.

Argued and submitted October 31, 2023.

Margaret Huntington argued the cause for appellant. Also on the briefs was O'Connor Weber LLC.

Patrick M. Ebbett, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Lagesen, Presiding Judge, and Tookey, Judge, and Kamins, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

After a man was discovered beaten to death, petitioner was charged with and convicted of one count of murder, two counts of conspiracy to commit tampering with a witness, one count of second-degree abuse of a corpse, one count of fourth-degree assault, and two counts of attempted tampering with physical evidence. Petitioner appeals a judgment denying him post-conviction relief (PCR), asserting that his trial counsel rendered ineffective assistance of counsel. We affirm.

On appeal, we review a post-conviction court's denial of relief for legal error and accept the court's implicit and explicit factual findings, provided that there is evidence in the record to support them. *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015). To be entitled to post-conviction relief, under the state and federal constitutions, petitioner must demonstrate both that counsel failed to exercise reasonable skill and judgment and that petitioner suffered prejudice as a result. *See McMullin v. Amsberry*, 310 Or App 542, 551, 485 P3d 278 (2021) (explaining that the state and federal tests for reviewing inadequate/ineffective assistance of counsel claims are "functionally equivalent"); *Trujillo v. Maass*, 312 Or 431, 435, 822 P2d 703 (1991); *Strickland v. Washington*, 466 US 668, 687, 104 S Ct 2052, 80 L Ed 2d 674 (1984).

First, petitioner argues that his trial counsel was ineffective for failing to object to the admission of a jailhouse informant's notes containing statements that petitioner made about stomping puppies. We disagree. During his trial, petitioner testified that he wanted the jury to read the notes so they could see that the statements were implausible and that the informant was not credible. Trial counsel thus faced the difficult choice of deciding whether to acquiesce to petitioner's wishes—potentially prejudicing the jury against petitioner—or object to the admission of those portions of the notes—potentially undermining petitioner's argument that the jury should read the notes to see that the jailhouse informant was not credible.

Faced with two courses of action that each involved risk, counsel's decision not to object to the admission of the

notes did not constitute a failure to exercise reasonable professional skill and judgment. Moreover, petitioner's basis for wanting the jury to see the notes—to show the implausibility of the statements—was not an unreasonable trial strategy to challenge the informant's credibility. Even if another lawyer may have relied on a different strategy, that does not mean that counsel performed unreasonably. *See, e.g.*, *Strickland*, 466 US at 690 ("[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable[.]"); *Burdge v. Palmateer*, 338 Or 490, 498-99, 112 P3d 320 (2005) (A decision by counsel did not amount to inadequate assistance of counsel where "[i]t may be that another lawyer would have tried the case differently; it may be that a reviewing court would disagree with *** counsel's decision. It may even be that, in hindsight, the decision was error." (Internal quotation marks omitted.)). Accordingly, trial counsel did not fail to exercise reasonable professional skill and judgment.

Next, petitioner contends that trial counsel was ineffective for failing to object to his being restrained during trial. But he cannot establish prejudice for two reasons. First, the record supports the PCR court's decision that, had trial counsel objected to the use of restraints, the objection would have failed based on the violent nature of the crime and evidence that petitioner had intimidated an eyewitness. Second, petitioner has failed to prove that the requirement that he wear a leg brace affected the outcome of the trial. Prejudice is not presumed in cases where, as here, a defendant's restraints are not visible to the jury. *Sproule v. Coursey*, 276 Or App 417, 425, 367 P3d 946, *rev den*, 359 Or 777 (2016). Petitioner's only argument relies on his post-conviction testimony that he was distracted throughout the trial due to his concern about the jury seeing the brace. However, the PCR court expressly found petitioner's testimony "not credible." And while petitioner testified that the leg brace might have caused a noise or a limp, the record does not indicate that the jury would be able to infer that he was in restraints. Because the PCR court expressly found petitioner's testimony not credible, it properly rejected this claim. *See State v. Johnson*, 335 Or 511, 523, 73 P3d 282 (2003) (holding appellate courts are "bound by a trial

court's 'finding' that a party's evidence is not sufficiently persuasive").

Finally, petitioner contends that trial counsel was ineffective in failing to object to a jury instruction explaining that the jury could reach nonunanimous verdicts (for the nonmurder charges) and, after the jury reached guilty verdicts, for failing to poll the jury. But those claims are foreclosed by *Smith v. Kelly*, 318 Or App 567, 569, 508 P3d 77 (2022), *rev den*, 370 Or 822 (2023) (holding that neither the state nor federal constitution "required counsel to foresee" that "the Court would decamp from the path it mapped nearly a half century earlier"); and *Mandell v. Miller*, 326 Or App 807, 808-09, 533 P3d 815, *rev den*, 371 Or 476 (2023) (holding that trial counsel was not inadequate for failing to request that a jury be polled following nonunanimous jury instructions).

Affirmed.