No. 247 March 19, 2025 185

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

JUAN JOSE CHAVEZ-MEZA,
*Petitioner-Appellant,*

*v.*

STATE OF OREGON,
*Defendant-Respondent.*

Marion County Circuit Court
21CV34996; A181074

Patricia A. Sullivan, Senior Judge.

Submitted February 7, 2025.

Margaret Huntington and Equal Justice Law filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Patrick M. Ebbett, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

JACQUOT, J.

Affirmed.

**JACQUOT, J.**

On appeal from a judgment denying post-conviction relief, petitioner argues that the post-conviction court erred when it denied relief on his claims of ineffective assistance of trial and appellate counsel. Petitioner argues that trial counsel was ineffective in failing to obtain additional police records regarding similar allegations made by the underage victim against other people, and in failing to request a hearing regarding the use of restraints on petitioner during his bench trial. Petitioner also argues that appellate counsel was ineffective in not assigning error to the use of restraints or to the trial court compelling him to appear in prison clothing during trial. We affirm.

We review the post-conviction court's denial of relief for legal error. *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015). We are bound by the post-conviction court's findings of historical fact if those findings are supported by the evidence in the record. *Id.* To succeed on a claim of inadequate assistance of counsel, a petitioner must show (1) that trial counsel failed to exercise reasonable professional skill and judgment, and (2) that the petitioner suffered prejudice as a result. *Id.* A petitioner may establish prejudice by demonstrating that counsel's failure "could have tended to affect" the outcome of the proceedings, meaning more than "mere possibility, but less than probability." *Id.* at 322-23.

In his first assignment of error, petitioner argues that the post-conviction court erred when it denied his claim that his trial counsel was inadequate in not obtaining additional police records about prior similar allegations made by the victim against others. The court denied relief, because counsel had presented evidence at trial that the victim had made prior allegations against others and "vigorously argued these points," including through an expert witness, and petitioner could not show prejudice, because the records that petitioner alleged his trial counsel should have obtained did not contain any additional admissible information that was not presented at his trial.

Petitioner has not put forth any viable legal theory under which the additional unobtained records could have

been admitted or used by trial counsel, nor has he shown that the records contained anything that trial counsel had not argued based upon the evidence that counsel did obtain. Therefore, petitioner has not shown that trial counsel's failure to obtain the additional records could have tended to affect the outcome of the proceedings or that the post-conviction court erred in determining that trial counsel was not ineffective in not obtaining additional police records.

In his second assignment of error, petitioner argues that the post-conviction court erred when it denied his claim that his trial counsel was inadequate in not objecting to the trial court failing to make required findings on the record to justify the use of restraints. Upon trial counsel's request that petitioner not be restrained for trial, the trial court deferred to the jail's policy of keeping defendants in restraints during bench trials, and it assured petitioner and counsel that the restraints would not impact its determinations in the case. The deputy extended the restraint on petitioner's right hand so that he could write notes to his attorney during the proceedings. The court also would not allow petitioner to change into civilian clothes.

A criminal defendant has the right to be free from physical restraint during their trial, unless the court finds, on the record, that there is evidence that the defendant poses "an immediate or serious risk of committing dangerous or disruptive behavior, or *** a serious risk of escape." *State v. McCright*, 282 Or App 692, 700, 386 P3d 141 (2016). To show that counsel was ineffective, a post-conviction petitioner must prove, by a preponderance of the evidence, that "trial counsel's failure to object to the use of [restraints] without an adequate showing that petitioner posed a security risk had a tendency to affect the result of his trial." *Sproule v. Coursey*, 276 Or App 417, 426, 367 P3d 946, *rev den*, 359 Or 777 (2016) (internal quotation marks omitted). There are three foundational types of prejudice that may result from erroneous restraint of a defendant during trial: "(1) impingement on the presumption of innocence and the dignity of judicial proceedings; (2) inhibition of the accused's decision whether to take the stand as a witness; and (3) inhibition of the accused's consultation with his or her attorney." *State v.*

*Wall*, 252 Or App 435, 442, 287 P3d 1250 (2012), *rev den*, 353 Or 280 (2013). In addressing any potential prejudice from the use of restraints, the question is whether there is a "material impairment" of those three interests. *McCright*, 282 Or App at 700. The concern for prejudice is less so in bench trials than in jury trials, but it is nonetheless present. *Id.* at 701.

Here, the trial court erred because it did not make any findings regarding defendant's behavioral or escape risk, instead relying solely on the jail's restraint policy. *See id.* at 699-700 (trial court must make an independent determination about the defendant's risk and cannot rely solely upon the conclusions of others). However, that is not the issue in this proceeding. The question before the post-conviction court was whether trial counsel was ineffective in failing to request a hearing or object to the trial court's failure to make the required findings, and whether petitioner suffered prejudice as a result. The post-conviction court denied relief for several reasons: Trial counsel did object to the use of restraints and was repeatedly denied by the trial court; an accommodation was made so that petitioner could take notes during the trial; petitioner was "unable to show the use of restraints caused him to appear guilty before the jury," because it was a bench trial; the trial court repeatedly assured that the restraints would not impact its determination; and petitioner did not show that the restraints affected his ability to communicate with his attorney or participate in the trial.

Petitioner has not provided any argument as to how the post-conviction court's determination reflects legal error. The court considered each of the types of prejudice and determined that petitioner did not meet his burden to show that the erroneous restraint had a tendency to affect the verdict, and its factual determinations are supported by evidence in the record. *See State ex rel Juv. Dept. v. Millican*, 138 Or App 142, 147-48, 906 P2d 857 (1995), *rev den*, 323 Or 114 (1996) (finding harmless juvenile's shackling where the juvenile court stated that the restraints "won't affect the Court's view of the evidence here," and that, based upon this court's independent review of the evidence, we did not "believe that the trial court's credibility determinations were impermissibly skewed").

Regarding petitioner's argument that trial counsel was ineffective in not preserving the issue of his erroneous restraint for appeal, as explained below, petitioner has not shown that he would have succeeded on appeal even if the argument had been preserved. Accordingly, the postconviction court did not err in determining that trial counsel was not ineffective in failing to further object to the use of restraints.

Finally, in his third and fourth assignments of error, petitioner argues that appellate counsel was ineffective in failing to assign error to the trial court's lack of findings to justify the restraints and to its decision that petitioner could not wear his civilian clothes. To prevail on a claim of ineffective assistance of appellate counsel, petitioner must establish "(1) that a competent appellate counsel would have asserted the claim, and (2) that had the claim of error been raised, it is more probable than not that the result would have been different." *Guinn v. Cupp*, 304 Or 488, 496, 747 P2d 984 (1987).

We have previously determined that, in a bench trial, an error by the trial court in not making the required individualized findings about a defendant's risk to justify restraint is harmless, particularly when the trial court acknowledges that it will not allow the restraints to impact its decision. *See, e.g.*, *McCright*, 282 Or App at 700; *Millican*, 138 Or App at 147-48. Petitioner points to our comment in *McCright* that when a trial is "essentially, a credibility contest," erroneous restraint *might* not be harmless, as opposed to when there are no material factual disputes making "the potential for impermissible subconscious skewing" of the trial court's factual determinations "nonexistent." 282 Or App at 701 (internal quotation marks omitted). However, in this posture, under the standard to prevail on a claim of ineffective assistance of appellate counsel, petitioner must show that it is "more probable than not" that the claim would have prevailed. *Guinn*, 304 Or at 496. Although a trial with no factual disputes presents a "nonexistent" risk of impermissible subconscious skewing, that does not mean that it is necessarily "more probable than not" that any risk greater than nonexistent would result in reversal on appeal.

We cannot say that the trial was solely a "credibility con-test" in the way that petitioner portrays, seeing as there was proof of communication between petitioner and the 12-year-old victim, and petitioner admitted to having sexual contact with the victim.[1] And, petitioner does not point to anything in the record to indicate that the trial court's credibility determinations were impermissibly skewed.

We do not imply here that, in a bench trial, the potential for unconscious bias against a restrained defen-dant does not exist, or that erroneous restraint will always be harmless; nor do we downplay the affect that being held in restraints has on the presumption of innocence. *See United States v. Sanchez-Gomez*, 859 F3d 649, 661 (9th Cir 2017), *vac'd on other grounds*, 584 US 381, 138 S Ct 1532, 200 L Ed 2d 792 (2018) (right against shackling absent indi-vidualized assessment of essential state interest applies in all proceedings, including bench trials, and "respects our foundational principle that defendants are innocent until proven guilty"; courts "cannot delegate this constitutional question to those who provide security"); *People v. Hamlett*, 193 NYS3d 658, 663, 80 Misc 3d 303, 307 (NY Crim Ct 2023) ("It cannot merely be assumed that judges are immune from the prejudice and bias caused by visible shackles. We judges are human, and the sight of a defendant in restraints may unconsciously influence even a judicial factfinder." (Internal quotation marks omitted.)); *People v. Williams*, 2016 IL App (3d) 130901, ¶ 30, 53 NE3d 1019, 1027 (2016) ("Although the possibility of prejudicing the jury is a factor to be considered, the reasons for forbidding shackling are not limited to trials by jury."). But in the posture and given the circumstances of this case, we cannot say that it is more likely than not that petitioner would have prevailed on appeal.

Petitioner's argument that appellate counsel was ineffective in failing to assign error to the trial court's denial of his request to appear in civilian clothing is also unavail-ing. Petitioner provides no legal authority to show that, even had appellate counsel raised the issue on appeal, it would have resulted in a reversal of petitioner's convictions.

---

[1] Although petitioner later disputed the veracity of that confession, that issue was litigated through appeal unsuccessfully. *State v. Chavez-Meza*, 301 Or App 373, 374 n 1, 456 P3d 322 (2019), *rev den*, 366 Or 493 (2020).

Accordingly, the post-conviction court did not err when it determined that appellate counsel was not ineffective.

Affirmed.