No. 634　　　　July 9, 2025　　　　845

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

SET WAI AUNG,
*Petitioner-Appellant,*

*v.*

Jamie MILLER,
Superintendent,
Snake River Correctional Institution,
*Defendant-Respondent.*

Malheur County Circuit Court
14081095P; A183025

Lung S. Hung, Judge.

Submitted May 28, 2025.

Corbin Brooks and Equal Justice Law filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Patrick M. Ebbett, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

JACQUOT, J.

Affirmed.

**JACQUOT, J.**

On appeal from a judgment denying post-conviction relief, petitioner argues that the post-conviction court erred when it denied relief on his claims of ineffective assistance of trial counsel. The post-conviction court found that trial counsel was ineffective in failing to object to the use of a leg restraint on petitioner but determined that petitioner was not prejudiced by that failure because the jury did not see the restraint. The court further found the evidence petitioner presented regarding other prejudice was not credible. In two assignments of error, petitioner argues that we should reconsider our prior decisions indicating that prejudice is not presumed if the jury did not see petitioner's restraints and, alternatively, that the post-conviction court erred in its prejudice analysis in his case. We affirm.

Petitioner appealed his denial of post-conviction relief once before, and we reversed and remanded for the court to consider, under the correct legal standard, whether petitioner was prejudiced by his trial counsel's failure to object to the use of leg restraints. *Aung v. Cain*, 319 Or App 498, 505-06, 511 P3d 73, *rev den*, 370 Or 214 (2022). We instructed the court to determine whether the restraints were visible to the jury to determine whether prejudice was presumed, and then determine whether petitioner submitted evidence of prejudice in order to prevail on his claim for ineffective assistance of counsel. *Id.*

On remand, the post-conviction court determined that the leg restraint was not visible to the jury and that petitioner failed to show that he suffered prejudice from his trial counsel's failure to object. Petitioner appeals that judgment.

We review the post-conviction court's denial of relief for legal error. *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015). We are bound by the post-conviction court's findings of historical fact if those findings are supported by the evidence in the record. *Id.* If the post-conviction court did not make express findings, we will presume that it decided the facts consistently with its legal conclusions. *Id.* To succeed on a claim of inadequate assistance of counsel, a petitioner

must show (1) that trial counsel failed to exercise reasonable professional skill and judgment, and (2) that the petitioner suffered prejudice as a result. *Id.* A petitioner may establish prejudice by demonstrating that counsel's failure "could have tended to affect" the outcome of the proceedings, meaning "more than mere possibility, but less than probability." *Id.* at 322-23.

First, petitioner argues that we should reconsider our decision in *Sproule v. Coursey*, 276 Or App 417, 367 P3d 946, *rev den*, 359 Or 777 (2016). *Sproule* is established precedent that we followed in petitioner's prior appeal. Petitioner does not explain why *Sproule* is "plainly wrong" so as to satisfy our rigorous standard to overrule precedent, as opposed to merely disagreeing with its holding. *State v. Civil*, 283 Or App 395, 415, 417, 388 P3d 1185 (2017) ("Mere disagreement, however, is not—and cannot be—a sufficient justification for overruling precedent. Rather, the prudential principles that undergird *stare decisis*, as well as practical institutional considerations, require more. Much more. *** [D]ue regard for *stare decisis* and our predecessors' collegial commitment demands that 'plainly wrong' be a rigorous standard, satisfied only in exceptional circumstances."). Accordingly, we reject petitioner's argument regarding *Sproule*.

Second, petitioner argues that the post-conviction court erred by failing to consider and address his arguments that the restraint prejudiced him because he was self-conscious about being unable to stand in the courtroom and the restraint caused him to recall trauma from being kidnapped in his country of birth. Although the court did not make express findings regarding those arguments, the court found not credible his "most viable" reasoning for why the restraint prejudiced him. Further, the court found that "all questions presented were decided" and found petitioner not credible in each of its conclusions. Even though the court did not expressly address the arguments petitioner identifies on appeal, because it necessarily rejected them, we presume that the court implicitly made factual findings consistent with those legal conclusions. *See Green*, 357 Or at 312.

Affirmed.