Argued and submitted July 7, 2021, affirmed May 18, 2022

JUAN G. ROJO-GARFIAS,
*Petitioner-Appellant,*

*v.*

STATE OF OREGON,
*Defendant-Respondent.*

Washington County Circuit Court
C152074CV; A172410

510 P3d 924

Petitioner appeals from a judgment denying his claims for post-conviction relief. On appeal, he claims that his trial counsel was ineffective and inadequate in failing to ensure that his plea was knowingly and intelligently made. In particular, petitioner argues that trial counsel did not adequately inform him about the immigration consequences of his guilty plea for a criminal offense. *Held*: In light of the post-conviction court's factual findings, petitioner was accurately and explicitly informed by trial counsel of the immigration consequences of his guilty plea. Accordingly, the post-conviction court did not err in concluding that petitioner understood the consequences of his plea.

Affirmed.

Patricia A. Sullivan, Senior Judge.

Blake Doré argued the cause for appellant. Also on the brief was Doré Law Firm.

Jon Zunkel-deCoursey, Assistant Attorney General, argued the cause for respondent. On the brief were Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Ryan Kahn, Assistant Attorney General.

Before James, Presiding Judge, and Lagesen, Chief Judge, and Kamins, Judge.

JAMES, P. J.

Affirmed.

**JAMES, P. J.**

Petitioner, who is not a United States citizen, entered a plea to one count of delivery of methamphetamine, ORS 475.890(2). Subsequent to the entry of his plea and conviction on that count, petitioner filed for post-conviction relief, raising two arguments. First, petitioner alleged that his trial counsel was ineffective and inadequate in failing to apprise him of the immigration consequences of his plea, as required under *Padilla v. Kentucky*, 559 US 356, 130 S Ct 1473, 176 L Ed 2d 284 (2010). Second, based on his assertion that counsel had not informed petitioner of those immigration consequences, he alleged that trial counsel was also ineffective and inadequate in failing to ensure that petitioner's plea was knowingly and intelligently made. The post-conviction court denied relief, and petitioner now appeals. On appeal, petitioner only advances his second argument—that counsel was ineffective and inadequate in failing to ensure that petitioner's plea was knowingly and intelligently made. We affirm.

A post-conviction court's construction and application of the applicable constitutional standards of inadequate and ineffective counsel is a question of law that we review for errors of law. *Yeager v. Maass*, 93 Or App 561, 564, 763 P2d 184 (1988), *rev den*, 307 Or 340 (1989). However, a post-conviction court's "findings of historical fact are binding on this court if there is evidence in the record to support them." *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015).

In evaluating a potential plea, a defendant is "entitled to the effective assistance of competent counsel." *McMann v. Richardson*, 397 US 759, 771, 90 S Ct 1441, 25 L Ed 2d 763 (1970); *Strickland v. Washington*, 466 US 668, 686, 104 S Ct 2052, 80 L Ed 2d 674 (1984). Effective assistance of criminal defense counsel comes, in part, in providing a defendant necessary and accurate information upon which he can make an informed cost-benefit analysis of the plea offer. *Daramola v. State of Oregon*, 294 Or App 455, 461-62, 430 P3d 201 (2018), *rev den*, 364 Or 723 (2019).

The *Padilla* Court recognized that "[t]he importance of accurate legal advice for noncitizens accused of crimes has never been more important." *Padilla*, 559 US at 364.

However, there will "be numerous situations in which the deportation consequences of a particular plea are unclear or uncertain." *Id*. at 369. In those situations, the obligations of criminal defense counsel are no different from when the criminal law is unclear or uncertain.

> "When the law is not succinct and straightforward *** a criminal defense attorney need do no more than advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences. But when the deportation consequence is truly clear, as it was in this case, the duty to give correct advice is equally clear."

*Id*. As we have noted, "[a]fter *Padilla*, courts are in general agreement that when the immigration consequences are clear, advice laden with language that softens or clouds the certainty of the inevitability of the outcome falls below the standard for performance." *Daramola*, 294 Or App at 465.

However, in addition to the obligation of defense counsel to provide accurate advice, there is a related, yet distinct, obligation to ensure that advice is understood.

> "[A] plea of guilty is a waiver of, among other constitutional rights, the privilege against self-incrimination, the right to a jury trial and the right to confront one's accusers. Guilty pleas implicate both the Fifth and Sixth Amendments of the federal constitution and for this reason the United States Supreme Court has required that guilty pleas be voluntary and made *with knowledge of the consequences*. *Brady v. United States*, 397 US 742, 748, 90 S Ct 1463, 25 L Ed 2d 747 (1970). The Fourteenth Amendment makes this minimum standard applicable to the states. *Boykin v. Alabama*, 395 US 238, 89 S Ct 1709, 23 L Ed 2d 274 (1969)."

*Lyons v. Pearce*, 298 Or 554, 559-60, 694 P2d 969 (1985) (emphasis added).

On appeal, the parties dispute the way in which *Boykin* or *Lyons* interacts with immigration consequences. Petitioner argues that, based on his affidavit, he did not subjectively understand the certainty of his removal from the United States, but only understood it was possible. The state, in response, argues that *Boykin* and *Lyons* do not require that defendant know of "actual" immigration consequences,

but only that some consequence "may" be triggered. We need not resolve that question on this record.

Here, the post-conviction court found that counsel did, in fact, inform petitioner of the immigration consequences, as set forth in counsel's affidavit where he stated that he understood petitioner's conviction "would result in revocation of [petitioner's] permanent residency in the United States and that he would be deported upon his release from prison and would not be able to apply for re-entry into the United States for at least ten years." Counsel explained that he "discussed this in detail with [petitioner]." While petitioner offered a conflicting affidavit, the post-conviction court found counsel credible. The court explained that counsel's actions showed an "acute awareness" of the immigration consequences, and that his attempts to mitigate those consequences in plea negotiations "would not make sense unless [the] consequences were known to and discussed in detail with Petitioner."

In light of the factual findings by the post-conviction court that petitioner was accurately and explicitly informed by counsel of the immigration consequences, the post-conviction court did not err in concluding that petitioner understood the consequences of his plea.

Affirmed.