326 August 14, 2024 No. 560

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

QUANDRAY J. NELSON,
*Petitioner-Appellant,*

*v.*

Brad CAIN,
Superintendent,
Snake River Correctional Institution,
*Defendant-Respondent.*

Malheur County Circuit Court
19CV02030; A175380

J. Burdette Pratt, Senior Judge.

Argued and submitted May 10, 2023.

Jason Weber argued the cause for appellant. Also on the brief was O'Connor Weber LLC.

Ryan Kahn, Assistant Attorney General, argued the cause for respondent. Also on the brief were Lisa M. Udland, Deputy Attorney General, and Benjamin Gutman, Solicitor General.

Before Powers, Presiding Judge, Hellman, Judge, and Armstrong, Senior Judge.

POWERS, P. J.

Affirmed.

**POWERS, P. J.**

Petitioner appeals from a judgment denying post-conviction relief in which he alleged that his attorneys, in two separate trials, provided inadequate and ineffective assistance of counsel. As explained below, because petitioner did not meet his burden of proving prejudice, we conclude that the post-conviction court did not err in rejecting petitioner's claim of inadequate assistance of counsel for failing to move for a mistrial after jurors saw him in wrist cuffs and ankle shackles in the hallway. We further conclude that trial counsel in both trials did not provide inadequate assistance of counsel for failing to object to the nonunanimous jury verdicts. Accordingly, we affirm.

The pertinent facts are relatively few and undisputed. Petitioner was twice tried for charges arising out of a domestic violence incident in which he punched his domestic partner in the face, had sex with her against her will, and took her vehicle. After he was convicted in the first trial, petitioner appealed, and we affirmed his convictions for fourth-degree assault and unauthorized use of a vehicle and reversed his convictions for first-degree rape and first-degree sexual abuse based on an erroneous jury instruction. *See State v. Nelson*, 241 Or App 681, 251 P3d 240 (2011), *rev dismissed*, 354 Or 62 (2012).

On remand, the state retried petitioner for the sexual offenses. During jury deliberations of that second trial, a group of at least three jurors saw petitioner in the hallway wearing his jail clothes, wrist cuffs with a belly chain, and ankle shackles as sheriff's deputies were transporting petitioner from the courthouse to the jail for the weekend. Petitioner told his trial counsel about the incident, and trial counsel "made inquiries of the deputy sheriffs involved and brought the matter to the court's attention." The substance of those inquiries does not appear in the record, and trial counsel made no motions regarding the matter. Ultimately, the jury found petitioner guilty of two counts of first-degree sexual abuse, third-degree sexual abuse, and first-degree rape. In both trials, the juries' verdicts included nonunanimous guilty verdicts.

Petitioner sought post-conviction relief, alleging various claims of inadequate assistance of counsel, including that his attorney for the second trial failed to request a mistrial after the jurors viewed petitioner shackled in the hallway and that his trial counsel at both trials failed to object to the nonunanimous guilty verdicts. The post-conviction court denied petitioner relief on both claims. In so doing, the post-conviction court explicitly found that there "is no evidence that the juror[s] recognized [petitioner] or that it had any impact on them. There is no evidence from the viewpoint of the jurors."

We review the post-conviction court's decision for errors of law. *Rojo-Garfias v. State of Oregon*, 319 Or App 595, 596, 510 P3d 924 (2022). We are bound by the post-conviction court's findings of historical fact if there is evidence in the record to support them. *Id.* A criminal defendant's right to adequate and effective assistance of counsel is established by Article I, section 11, of the Oregon Constitution and the Sixth Amendment to the United States Constitution. *Antoine v. Taylor*, 368 Or 760, 767, 499 P3d 48 (2021). To establish a claim of inadequate assistance of counsel, a petitioner must prove by a preponderance of the evidence that (1) trial counsel failed to exercise reasonable professional skill and judgment and (2) petitioner suffered prejudice as a result. *Trujillo v. Maass*, 312 Or 431, 435, 822 P2d 703 (1991); *see also Montez v. Czerniak*, 355 Or 1, 6-7, 322 P3d 487, *adh'd to as modified on recons*, 355 Or 598, 330 P3d 595 (2014) (recognizing that the standards for determining the adequacy of legal counsel under the state constitution are functionally equivalent to those for determining the effectiveness of counsel under the federal constitution).

On appeal, petitioner argues that an attorney exercising reasonable professional skill and judgment would have sought a mistrial after learning that jurors had seen him in shackles in the hallway. Visibly shackling a defendant in the courtroom during trial violates—absent exceptions not applicable in this case—state and federal constitutional principles about the presumption of innocence. *See State v. Washington*, 355 Or 612, 628, 330 P3d 596, *cert den*, 574 US 1016, 135 S Ct 685 (2014) (explaining that the use of

physical restraints during a criminal trial "can impinge on the presumption of innocence to which a defendant is entitled"); *see also Deck v. Missouri*, 544 US 622, 629, 125 S Ct 2007, 161 L Ed 2d 953 (2005) (observing that the right to remain free of physical restraints that are visible to the jury has a constitutional dimension). Petitioner, however, has not cited to any Oregon authority—and we have found none—that addresses the issue of jurors briefly observing a criminal defendant in restraints outside of the courtroom and whether that constitutes grounds for a mistrial.

As the post-conviction court observed, courts in other jurisdictions have concluded that jurors' brief sightings of a shackled defendant, without more, does not constitute grounds for relief under the Sixth Amendment. *See, e.g.*, *United State v. Taylor*, 562 F2d 1345, 1359 (2d Cir 1977) (observing that "[n]umerous cases support the proposition that an inadvertent view by jurors of defendants in handcuffs, without more, is not so inherently prejudicial as to require a mistrial" and citing cases); *United States v. Olano*, 62 F3d 1180, 1190 (9th Cir 1995) (observing that, even if some jurors had seen the defendant in handcuffs as he entered the courtroom, "a jury's brief or inadvertent glimpse of a defendant in physical restraints is not inherently or presumptively prejudicial to a defendant"); *Ghent v. Woodford*, 279 F3d 1121, 1133 (9th Cir 2002) (explaining that where "a few jurors at most glimpsed [the defendant] in shackles in the hallway and as he was entering the courtroom," that sort of "brief or inadvertent glimpse of a shackled defendant is not inherently or presumptively prejudicial, nor has [the defendant] made a sufficient showing of actual prejudice" necessary to sustain a constitutional claim (internal quotation marks omitted)). Given that case law, it is not clear that every trial counsel exercising reasonable skill and judgment would have necessarily sought a mistrial under the circumstances of this case. *See Miller v. Lampert*, 340 Or 1, 16, 125 P3d 1260 (2006) (explaining that, "[m]easured against the law in effect at the time of petitioner's sentencing hearing, the performance of petitioner's trial counsel was constitutionally adequate").

Moreover, even if we were to assume that trial counsel provided deficient performance by failing to seek a

mistrial, petitioner has failed to prove the requisite prejudice necessary for post-conviction relief. To show prejudice, petitioner must prove that his trial counsel's acts or omissions could have tended to affect the outcome of the case. *Green v. Franke*, 357 Or 301, 323, 350 P3d 188 (2015). Here, as noted above, the post-conviction court found that there was no evidence that the jurors recognized petitioner in the hallway.

Petitioner contends that prejudice must be presumed whenever a juror views a defendant in shackles under *Sproule v. Coursey*, 276 Or App 417, 424-25, 367 P3d 946 (2016) (recognizing that, "where the record shows that a criminal defendant was restrained in a manner that could not be effectively shielded from the jury's view, there is a presumption that the shackles are seen by the jury and prejudice results" (internal quotation marks omitted)). That case, however, involved the petitioner in the courtroom wearing a leg brace, and we affirmed the denial of post-conviction relief based on the petitioner's failure to prove prejudice, *viz.*, the post-conviction court "was entitled to find that the jury was unaware that [the] petitioner was restrained in the courtroom." *Id.* at 426. Thus, because *Sproule* does not address the issue presented in this case, we do not understand it to absolve petitioner of his burden to show prejudice. Indeed, as discussed above, the case law at the time of petitioner's trial was, at best, silent on the issue of jurors observing a shackled defendant outside of the courtroom and contrary to petitioner's position on the issue of jurors briefly viewing a criminal defendant in restraints. *See also Williams v. Woodford*, 384 F3d 567, 592-93 (9th Cir 2004), *cert den*, 546 US 934 (2005) (explaining that "a jury's brief or inadvertent glimpse of a defendant in physical restraints outside of the courtroom does not warrant habeas relief unless the petitioner makes an affirmative showing of prejudice" and collecting cases). Accordingly, petitioner has not shown that, had his counsel moved for a mistrial, it would have had a tendency to affect the outcome of the case. *See Green*, 357 Or at 322-23 (explaining that the "tendency to affect" standard requires that a petitioner show "more than mere possibility, but less than probability" of an effect).

Finally, petitioner contends that trial counsel in both his trials were inadequate and ineffective for failing to object to the nonunanimous guilty verdicts. *See Ramos v. Louisiana*, 590 US 83, 93, 140 S Ct 1390, 206 L Ed 2d 583 (2020) (holding that state convictions based on a nonunanimous jury verdict violate the Sixth and Fourteenth Amendments to the United States Constitution). However, *Ramos* was decided after both of petitioner's trials. As we explained in *Smith v. Kelly*, 318 Or App 567, 569, 508 P3d 77 (2022), *rev den*, 370 Or 822 (2023), which was decided after petitioner sought post-conviction relief, the obligation for trial counsel to exercise reasonable professional skill and judgment "does not encompass an obligation to augur an about-face by the United States Supreme Court." Accordingly, the post-conviction court did not err in denying petitioner relief on his claims for inadequate and ineffective assistance of counsel.[1]

Affirmed.

---

[1] Our decision in this case does not foreclose the possibility of retroactive relief for any nonunanimous jury verdicts under *Watkins v. Ackley*, 370 Or 604, 523 P3d 86 (2022).